T.C. Memo. 1999-53


UNITED STATES TAX COURT


CURTIS L. ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10632-97.                    Filed February 26, 1999.


<u>Thomas E. Towe</u>, for petitioner.

<u>Joan S. Dennett</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined deficiencies in petitioner's 1994 and 1995 Federal income taxes in the respective amounts of $3,045 and $3,542.  Respondent also determined accuracy-related penalties under section 6662(a) for negligence in the respective amounts of

---

[1]   Section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

$609 and $708 for each year.  Petitioner resided in Billings, Montana, at the time the petition was filed.

The sole issue is whether amounts petitioner paid to or on behalf of his ex-wife in 1994 and 1995 are deductible as alimony under section 215.[2]

The facts may be summarized as follows.  Petitioner was married to Mieko Anderson (Ms. Anderson) from April 1967 until June 1990.  In 1970, Ms. Anderson began to suffer from mental illness, and she became unpredictable and at times violent and destructive.  Over time Ms. Anderson's condition grew steadily worse.  She was diagnosed as schizophrenic.  Petitioner filed for divorce on June 13, 1990.

Ms. Anderson refused to participate in the divorce proceedings, and the court appointed a conservator for her.  Although Ms. Anderson appeared to understand the nature of the proceedings, she refused to comply with any of the court's requests or attend any of the hearings.  Ms. Anderson's unwillingness to participate in the process prevented the court from ascertaining her needs in terms of support.  In addition, Ms. Anderson's future was uncertain, i.e., whether or not she would be institutionalized.  Petitioner requested that the issue of spousal support be reserved until the amount of support could be determined.  The Judgment Of Dissolution Of Marriage provided

---

[2]  Respondent has conceded the accuracy-related penalties under sec. 6662(a).

that:  "The issue of spousal support is reserved for both parties."  The divorce became final on December 16, 1990.

From 1991 to 1995 petitioner paid all of Ms. Anderson's living expenses and kept her in the same financial status as she had been accustomed to prior to the divorce.  In 1995, Ms. Anderson's condition worsened.  She was institutionalized and eventually returned to Japan.

Petitioner paid $20,337.21 and $12,635.04 respectively for Ms. Anderson's support during 1994 and 1995.  Petitioner deducted these amounts as alimony on his Federal income tax returns for those years.  Respondent disallowed the deductions.

## Discussion

Section 215(a) allows a deduction for amounts paid for "alimony or separate maintenance payments".  An alimony or separate maintenance payment is defined by section 71(b).  Sec. 215(b).  Relevant here, section 71(b)(1)(A) defines alimony or separate maintenance payments as payments "received by (or on behalf of) a spouse under a divorce or separation instrument".  Section 71(b)(2) defines a divorce or separation instrument as

(A) a decree of divorce or separate maintenance or a written instrument incident to such a decree,

(B) a written separation agreement, or

(C) a decree * * * requiring a spouse to make payments for the support or maintenance of the other spouse.

A written decree or agreement obligating the taxpayer to pay alimony is needed to sustain a deduction under section 215. Prince v. Commissioner, 66 T.C. 1058, 1066-1067 (1976).

Petitioner contends that because the issue of spousal support was not waived by either party, petitioner was in fact obligated to pay for Ms. Anderson's expenses. Petitioner asserts that while circumstances prevented the divorce court from ascertaining a set amount for Ms. Anderson's support, petitioner was expected and required to provide for her financially.

We are concerned here with the provisions of section 71(b)(2). Clearly the decree does not contain any requirement that petitioner make alimony or separate maintenance payments. The reservation of the spousal support by the divorce decree is not enough by itself to create a legally enforceable obligation. Brooks v. Commissioner, T.C. Memo. 1983-304. Thus, neither section 71(b)(2)(A) nor (C) applies. Moreover, there is no separation agreement setting forth support payments. Indeed, it is clear that there was no agreement, whether written or not. Section 71(b)(2)(B) does not apply.

Petitioner contends that under Jacklin v. Commissioner, 79 T.C. 340 (1982), and Friedland v. Commissioner, T.C. Memo. 1982-549, the divorce decree need not provide a set amount of payment to create a support obligation. We agree.[3] In each of those cases, however, a written instrument did exist that created a legally enforceable obligation upon the husband to either make certain payments or maintain a certain standard of living for the

---

[3] These cases interpret a former version of sec. 71. The statute, as amended, still requires a decree or a written instrument and requires that the payments be made under such decree or written instrument.

spouse. While the instrument does not have to be part of the divorce decree itself, some written agreement must exist that creates a legally enforceable right to the support payments. Prince v. Commissioner, supra at 1067.

We recognize that the payments by petitioner were no less in the nature of support than amounts paid under a divorce decree or written separation agreement. Congress, however, has imposed safeguards and restrictions statutorily limiting a deduction to enumerated situations. The payments made here fall outside those limits, and we cannot rewrite the applicable statutes. See Brooks v. Commissioner, supra.

> Decision will be entered
> for respondent as to the
> deficiencies and for petitioner
> as to the penalties under section
> 6662(a).